UNITED STATES *v.* STROBACH.

*(Circuit Court, M. D. Alabama.  May Term, 1888.)*

1. PRESENTING FRAUDULENT CLAIMS AGAINST THE UNITED STATES—DEPUTY-MARSHAL'S INDICTMENT.
    Under Rev. St. U. S. § 5438, denouncing the offense of knowingly presenting for payment or approval to any officer in the civil, military, or naval service of the United States any false or fraudulent claim against the United States, an indictment averring the presentation of such a claim to "G. T., then late marshal of the United States, he being then and there an officer in the civil service of the United States," is not insufficient or repugnant, since a marshal, after the expiration of his term, is still an officer for the purpose of serving process then in his hands, and for settling his accounts with the government.

2. SAME—SUFFICIENCY.
    An averment that the accused, claiming to be a deputy-marshal of the United States, presented a claim against the government of the United States, "purporting to have been for services rendered and payments made by said deputy-marshal" in a criminal proceeding mentioned, before a certain United States commissioner, sufficiently shows that the services were performed and payments made for the United States, in the defendant's capacity as deputy United States marshal.

**3. Same—Repugnancy.**

An averment that such claim, alleged to have been presented to "G. T., the late marshal," etc., was a claim "in favor of the said G. T., the then late marshal," etc., does not render the indictment bad for repugnancy, since the court will take judicial notice that the accounts of deputy-marshals are habitually presented to the government in the marshal's name, and the money therefor is paid to him, and by him paid to his deputies.

**4. Same—Presenting to Marshal.**

As the statute makes it an offense to present the claim to "any person or officer" in the civil service, etc., it is immaterial that the marshal is not expressly authorized by law to approve a deputy's account. The fact that he is required to incorporate the deputy's account into his own, and to swear that the items therein charged are correct and legal, is sufficient to show that he must pass upon it, within the meaning of the statute.

**5. Same—Presenting to Judge.**

Although the act of a federal judge, in passing upon the accounts of a United States marshal in open court, as required by Act Cong. Feb. 22, 1875, is, in a sense, the act of the court, yet, as his decision is subject to revision by the accounting officers of the treasury, it is only *quasi* judicial, and therefore a presentation to him is a presentation to an officer in the civil service of the United States, within the meaning of section 5438.

At Law. Prosecution of Paul Strobach for presenting a false claim against the United States. On demurrer to the indictment. Demurrer overruled.

*W. H. Smith*, U. S. Atty., and *Samuel F. Rice*, for the United States.

*David Clopton, George Turner*, and *George H. Patrick*, for defendant.

Before WOODS, Justice, and BRUCE, J.

WOODS, Justice. The defendant is indicted under section 5438 of the Revised Statutes. So much of the section as refers to the charges against him is as follows:

"Every person who makes or causes to be made, or presents or causes to be presented, for payment or approval to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining, or aiding to obtain, the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, * * * any person so offending in any of the matters set forth in this section shall be punished," etc.

The defendant is charged in an indictment containing four counts.

The first count alleges that the defendant, claiming to be a deputy-marshal of the United States, did present for approval, on a day mentioned, to George Turner, then late marshal of the United States, he being then and there an officer in the civil service of the United States, a false, fictitious, and fraudulent claim against the government of the United States, with intent to defraud the United States, which claim was an account purporting to have been for services rendered and payments made by said deputy-marshal in the case of *U. S.* v. *Hart*, in a criminal proceeding before W. H. Hunter, commissioner of the circuit court of the United States, dating from January 19 to January 25, 1880, inclusive, and in favor of the said George Turner, the then late marshal, as aforesaid, which claim was false, fictitious, and fraudulent in the follow-

ing statements and entries therein contained. (Here follows a recitation of the alleged false, fictitious, and fraudulent entries.) The count then proceeds: "The defendant well knowing the same to contain the said false, fraudulent, and fictitious entries."

The second count charges that the defendant did use a false affidavit of the correctness of the claim mentioned in the first count, for the purpose of aiding to obtain the payment of said claim, knowing the same to contain false, fraudulent, and fictitious statements and entries, as follows, to-wit. (Here follows a copy of said entries, identical with those contained in the first count.) The count then proceeds as follows: "He, the said Paul Strobach, deputy-marshal, as aforesaid, well knowing the same to contain each and every false, fraudulent, and fictitious statement and entry aforesaid."

The third count charges that the defendant, claiming to have been a deputy-marshal of the United States, did cause said George Turner, then late marshal of the United States, to present to and for approval by the district court of the United States for the middle district of Alabama, in open court, at the May term, 1880, the Honorable JOHN BRUCE, judge of the United States district court for the middle district of Alabama, then and there presiding, as well as to and for the approval of said Hon. JOHN BRUCE, district judge, presiding as aforesaid, he being then and there an officer in the civil service of the United States, a false, fictitious, and fraudulent claim upon and against the government of the United States. The count proceeds to describe the claim in the same terms as those used in the first count, and concludes with the averment that the defendant well knew said claim to be false, fictitious, and fraudulent in each of the statements and entries aforesaid.

The fourth count is in all respects similar to the second.

To this indictment the defendant filed his demurrer, alleging grounds of demurrer to each count, which we shall proceed to consider.

The law now in force regulating the taxation of costs, and the approval of the accounts of clerks, marshals, and district attorneys, is the act of February 22, 1875, and entitled "An act regulating the fees and costs, and for other purposes." 1 Supp. Rev. St. p. 145. So much of this act as is pertinent to this case is as follows:

"Section 1. That, before any bill of costs shall be taxed by any judge or other officer, or any account payable out of the money of the United States shall be allowed by any officer of the treasury in favor of clerks, marshals, or district attorneys, the party claiming such account shall render the same, with the vouchers and items thereof, to a United States circuit or district court, and, in the presence of the district attorney, or his sworn assistant, whose presence shall be noted on the record, prove in open court, by his own oath, or that of other persons having knowledge of the facts to be attached to said account, that the services therein charged have been actually and necessarily performed, as therein stated; * * * and the court shall thereupon cause to be entered an order approving or disapproving the account, as may be according to law, and just."

Previous to the enactment of this law, the matter of the approval of the accounts of clerks, marshals, etc., was regulated by section 846 of

the Revised Statutes, which provided that such accounts should be examined and certified by the district judge of the district for which the officers were appointed, before they were presented to the accounting officers of the treasury department for settlement. The elements of the offense created by section 5438, which it was the purpose of the first and third counts to charge, are as follows: The presentation for approval to any person or officer in the civil service of the United States of a claim against the United States, which the party presenting knows to be false, fictitious, or fraudulent. The elements of the offense prescribed by the statute, which it was the purpose of the second and fourth counts to charge, are as follows: The using, for the purpose of aiding to obtain the payment of a false, fictitious, or fraudulent claim upon or against the government of the United States, of a false affidavit, knowing the same to contain any fraudulent or fictitious statement or entry. If the counts of this indictment charge against defendant, as required by the rules of criminal pleading, an offense against the United States, they will be good and sufficient in law. We shall therefore consider the counts, and look into the particular grounds of demurrer, to ascertain whether this has been done.

It is alleged as ground of demurrer to the first count that it does not sufficiently charge that Turner, to whom the account was presented for approval, was an officer in the civil service of the United States, because it is alleged that when the account was presented he was the "late marshal." There is, however, besides the averment that he was the late marshal, a distinct averment that he was then and there an officer in the civil service of the United States. Now, if a marshal whose term has expired can by law still be an officer in the service of the United States, then that fact is well averred, and there is nothing repugnant between the two averments. A marshal whose term has expired is, for the performance of certain duties, still an officer. Section 790 of the Revised Statutes declares that every marshal, or his deputy, when removed from office, or when the term for which the marshal is appointed expires, shall have power to execute all such precepts as may be in their hands, respectively, and the marshal shall be held responsible for the delivery to his successor of all prisoners who may be in his custody, etc. A marshal is appointed for a period of four years. When his time is out, it is true he does not hold over until his successor is appointed or qualified, but, by the provisions of the section just cited, he is still an officer for the performance of the duties therein specified. After his term of office expires, it is also his duty to settle his accounts with the government, and to do this he must necessarily receive and pass upon the accounts of his deputies. He discharges this duty under the sanction of his official oath, and the obligation of his official bond. When, therefore, the first count of the indictment described Turner as late marshal, and averred him to be, when the account was presented, an officer in the civil service of the United States, the description was accurate and pertinent, and not repugnant. We are of opinion, there-

fore, that it is sufficiently averred that the account was presented to an officer in the civil service of the United States.

It is next stated as ground of demurrer to the first count that the services alleged to have been performed, and payments alleged to have been made, by the defendant, are not charged to have been services and payments for the United States, or that the services were performed and payments made by defendant as deputy-marshal, so as to show that the marshal was the proper officer to whom said claim should be presented for approval. But we think it is sufficiently averred that the services were performed for the United States. The claim is alleged to be a claim against the United States. It is alleged to be for services purporting to have been performed by said deputy-marshal in a criminal proceeding before the United States commissioner, in which the United States was the plaintiff, and that it was a claim in favor of the said Turner, late marshal, and against the United States. These averments make it perfectly apparent that the account was for services rendered the United States by a deputy-marshal, and that the marshal was the proper officer to whom his deputy should present the account for allowance.

It is next alleged that the first count is repugnant, because that it avers the claim was presented to George Turner for his approval, and also avers that the claim was in favor of George Turner. The method of procedure prescribed by law for the settlement of the accounts of marshals, of which the court takes judicial notice, and which it is, therefore, not necessary to aver, makes it apparent that there is no ground for this objection to rest on. The law authorizes the appointment of deputy-marshals, (Rev. St. § 780,) and prescribes their oath of office, (Rev. St. § 782,) in which they are required to swear that they will take only their lawful fees. In all cases, except where specially provided by statute, a deputy-marshal has the same powers, and may perform the same duties, as the marshal. To prevent a multiplicity and complication of accounts, the fees of the deputies are presented to the government for allowance through the marshal, and in an account made out in his name, of which the verified account of the deputy for his services forms a part. The money collected on this account is paid in the first instance to the marshal, who pays the deputy his share. The accounts of the deputy are made out against the United States, and in favor of the marshal. It may, therefore, well be averred that the account of a deputy-marshal in favor of the marshal, and against the United States, was presented to the marshal for his approval. There is nothing absurd or repugnant in such an averment.

But it is contended by defendant that the marshal is not an officer authorized by law to approve a deputy-marshal's account. It will be observed that the section on which the indictment is based makes it an offense to present a false claim for approval to any person or officer in the civil, military, or naval service of the United States. The presentation need not be to an accounting or auditing officer. It need not be to an officer at all. It may be to any person in the civil, military, or naval

service of the United States. The approval meant by the statute is not, therefore, confined to the passing of the claim by the accounting officers of the treasury, or its approval by a court or judge. When a deputy-marshal presents his itemized account for his fees and costs, verified by his oath, to the marshal, who is expected to incorporate it in his own account against the United States, and to make it one of the vouchers to sustain it, and to swear that he believes all the items therein charged are correct and legal, and the amounts thereof are justly due to him as therein stated, the deputy may well be said to present, within the meaning of the statute, his account to the marshal for approval. The marshal adopts the verified accounts of his deputies, swears to his belief in their correctness, and demands pay for them from the United States. He may, therefore, well be said to approve them. Without such approval, the deputy could not take a step towards the collection of his claim against the government out of the treasury.

There are other grounds of demurrer to the first count, but they are either covered by what we have said, or allege defects or imperfections in matters of form only, which do not tend to the prejudice of the defendant, and are therefore not matters upon which the count can be held to be insufficient. Rev. St. § 1025. In our opinion, the count avers with all requisite certainty the presentation by the defendant for approval to an officer in the civil service of the United States, with intent to defraud the United States, of a false, fictitious, and fraudulent claim against the government of the United States, he well knowing the same to be false, fictitious, and fraudulent. This covers every element of the offense described in the statute. It gives the defendant, as well as the court, notice sufficiently specific of the charge against him, and is sufficiently definite to enable him to plead his conviction or acquittal should he ever again be indicted for the same offense.

It is alleged as ground of demurrer to the third count, in addition to the grounds urged against the first count, which we need not again particularly notice, that the presentation of the claim alleged in that count was a presentation to the district court of the United States, and to the Honorable JOHN BRUCE, district judge therein presiding, neither of which allegations are within the statute, because the district court is not a person or officer in the civil service of the United States, and the Honorable JOHN BRUCE, district judge, is not an officer to whom the claim in this count described can be lawfully presented for approval. It is a presumption of the law that congress legislates with intelligent purpose, and in view of the existing statutes. Before the passage of the act of February 22, 1875, heretofore mentioned, the accounts of marshals were required to be examined and certified by the district judge before they were presented to the accounting officers of the treasury, (Rev. St. § 846;) and, if the deputy-marshal presented a fraudulent claim against the United States to a district judge for his approval, he would have been liable to the penalties in section 5438, on which the indictment is founded. It is claimed, in behalf of defendant, that by the passage of the act of February 22, 1875, congress intended that deputy-marshals

should present their claims in open court for approval, and that the act allows them to present false, fictitious, and fraudulent claims with impunity.    We cannot believe that such was the purpose of this legislation, but that, on the contrary, it was to provide additional guards against. the presentation of false claims.

The contention of the counsel for defense is that the law only punishes the presentation to a person or officer in the civil service of the United States of a false claim, and that when a false claim is presented for approval to the district court of the United States, in which the district judge is presiding, that that is not a presentation thereof to an officer in the civil service of the United States; in other words, that a United States judge in vacation, and when not engaged in the discharge of his usual duties, is an officer in the civil service of the United States, but when engaged in holding a term of court, he ceases to be an officer in the service of the United States, and his identity as such is lost, and he is only a court, or a member of a court.    We think that a United States judge is at all times an officer in the civil service of the United States, within the meaning of the statute, and that when a claim is presented to a court of which he is the presiding officer, it is presented to an officer in the civil service of the United States.    The act of approval or disapproval required of the court is not a judicial, but only a *quasi* judicial, act, for it is expressly made, by the act of February 22, 1875, subject to the revision of the accounting officers of the treasury.

We think an examination of section 1 of the act of 1875 will show, by its own terms, that when an account is presented to the court for approval, the judge acts as an officer in the civil service of the United States, as well as a court.    The section is somewhat disjointed, but it declares, in substance and effect, that before any bill of costs in favor of clerks, marshals, and district attorneys shall be taxed by a judge or other officer, it shall be presented to the district or circuit court, and that before any account in favor of the same officers, payable out of the treasury, shall be allowed by an officer of the treasury, it also shall be presented to the district or circuit court for approval.    The taxing of a bill of costs is synonymous with approval of a bill of costs.    By the express terms of the section under consideration, when a bill of costs is presented to a court, the judge taxes it.    Now, if the contention of counsel for defendant is sustained, when an account in favor of the marshal, which is, or at least may be, a bill of costs, is presented for approval to the same court, the court alone acts, and the judge does not; so that this absurd result follows, that: when a claim against the government is called a bill of costs, if it is a fraudulent bill, it is an offense against the law to present it for allowance; but if the same identical bill, no matter how false and fraudulent, is called an account, it may be presented to the court for allowance with impunity.    A construction of the statute which leads to such a result cannot be sound.

Our conclusion is that section 1 of the act of 1875 was not intended to relieve from the penalties prescribed by section 5438, on which the indictment is based, any person who should present for allowance to a.

district or circuit court of the United States a false and fraudulent claim against the government, and that a presentation to the court, under the act of February 22, 1875, is, within the meaning of section 5438, a presentation to an officer in the civil service of the United States.

It is contended by counsel for the defendant that the account of a deputy-marshal for his fees is not a claim against the United States; but in the first count the account presented to the marshal for approval, and in the third count the account presented to the district court for approval, are both averred to be accounts in favor of the deputy-marshal.

The grounds of demurrer to the second and third counts of this indictment are identical; the counts themselves being in all respects similar. All the grounds except one are based on the alleged uncertainty of the counts. Without going into a discussion of them, we are of opinion that the counts aver with requisite certainty all the elements of the offense which they are intended to charge. They aver, in the language of the statute, that the deputy-marshal, as aforesaid, for the purpose of aiding to obtain the payment of the claim aforesaid, which had been particularly described in the previous counts, did use a false affidavit of the correctness of said claim, he knowing the same to contain false, fraudulent, and fictitious statements and entries, which are set out *in hæc verba.*

The remaining objection to the counts under consideration is that they do not aver that the said false claim was ever presented for payment to or by any person or officer in the civil, military, or naval service of the United States. This ground of demurrer we are of opinion is not well taken. The words of the statute upon which these counts are based, of themselves, fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. The counts under consideration aver all these elements with a requisite certainty and particularity. It is not, therefore, necessary to make any other averments. *U. S.* v. *Carll,* 105 U. S. 611. Section 5438, on which all counts of this indictment are founded, is a broad and comprehensive enactment. It is intended to punish the presenting for approval or payment of any false and fraudulent claim against the United States to any person or officer in any branch of the service of the United States, or the use of any false receipt, voucher, account, certificate, and affidavit, to obtain, or aid in obtaining, the approval or payment of any false and fraudulent claim.

The elements of the different offenses described in the statute lie within narrow limits. We are of opinion that the several counts of this indictment sufficiently describe these offenses, and sufficiently charge the defendant. Our conclusion therefore is that the demurrer to the indictment and the several counts thereof should be overruled; and it is so ordered.

BRUCE, J., concurred.