(22 Misc. Rep. 298.)

PEOPLE ex rel. BRYMER v. SCANNEL.

(Supreme Court, Special Term, Kings County. January, 1898.)

1. FIRE MARSHAL—PUBLIC OFFICE.
　　A fire marshal's duties and salary being fixed by law, his office is a public one.

2. MANDAMUS—RESTORATION TO OFFICE.
　　On application for a peremptory writ of mandamus to compel relator's reinstatement in a public office, the answering affidavit, showing that a third party occupied the office when the proceedings were commenced, is conclusive.

3. QUO WARRANTO.
　　Where a party claims a public office in the possession of another under color of right, the proper remedy is quo warranto, not mandamus.

Application by Alonzo Brymer, relator, against John J. Scannel, as fire commissioner of the city of New York, for a peremptory writ of mandamus to compel the former's reinstatement in the office of fire marshal of the city of New York, in the borough of Brooklyn. Denied.

Hugo Hirsh, for relator.
Wm. J. Carr, for defendant.

MADDOX, J. The relator, a veteran, was appointed fire marshal in the Brooklyn fire department on October 8, 1894, and, having qualified, entered upon and has since continued in the performance of his duties. On January 8, 1898, as he states in his affidavit, he was removed as such fire marshal by the defendant, and one Gray was appointed as such fire marshal for the borough of Brooklyn, and he alleges that said removal and appointment were illegal and void. He asks that a writ of peremptory mandamus issue, commanding defendant, as fire commissioner, to reinstate him as such fire marshal, to recognize him as such, and to permit him to perform the duties of that office, claiming the immunity given by statute to veterans, and also, as a member of the uniformed fire force, against removal without charges and until after a public trial, under the provisions of chapter 371, Laws 1889, and chapter 445, Laws 1892. By section 727 of the charter of the present city, defendant, as fire commissioner,

had power to organize a bureau for the investigation of origin and cause of fires, the principal officers of which bureau are to be called fire marshals; and by section 779 he was "authorized to appoint and remove * * * a fire marshal to be seated in Brooklyn and to exercise his powers within the boroughs of Brooklyn and Queens"; by sections 779 to 782, inclusive, the powers and duties of a fire marshal are defined and specified, and by section 1548 every person appointed to any office under the city government shall take and subscribe an oath of office, which shall be filed. The opposing affidavits allege that on January 8, 1898, Gray was appointed fire marshal of the city of New York, to be seated in Brooklyn, and to exercise his powers within the boroughs of Brooklyn and Queens, "as provided by section 779 of the Greater New York charter"; that Gray, on January 10, 1898, took and filed his oath of office as required by law, and entered upon the exercise and discharge of his duties as such fire marshal, and "held such office and was engaged in the exercise and discharge of the duties thereof at the time of the service of the order to show cause" herein. The position of fire marshal is a statutory office, and the incumbent's functions and his salary are fixed by law. It is a public office. In re Hardy, 17 Misc. Rep. 668, 41 N. Y. Supp. 469. The allegations in the answering affidavits that Gray at the time of the service of the order to show cause herein, the commencement of these proceedings, filled the office of fire marshal, and was then engaged in the exercise and discharge of the duties thereof, are conclusive upon us here, and we must assume the truth thereof. People v. City of Brooklyn, 149 N. Y. 223, 43 N. E. 554; People v. Brush, 146 N. Y. 63, 40 N. E. 502. The relator states that he was removed by the defendant on January 8, 1898, and Gray's incumbency in the office before the proceeding is shown by the opposing affidavits; hence to grant this application would involve passing upon Gray's title to an office of which he was in possession under color of right. The power of the defendant to so appoint depends upon a construction of the various statutes and of several of the sections of the new charter, and thus a serious question is presented. Relator's proper remedy is, therefore, by an action in the nature of quo warranto, not by mandamus. People v. Goetting, 133 N. Y. 569; s. c., opinion in full (Sup.) 8 N. Y. Supp. 742; People v. Brush, 146 N. Y. 63, 40 N. E. 502; People v. Sutton, 88 Hun, 175, 34 N. Y. Supp. 487; In re Hardy, 17 Misc. Rep. 669, 41 N. Y. Supp. 469; People v. Rupp (Sup.) 35 N. Y. Supp. 349. I am not unmindful of the provisions of section 127 of the new charter for the retention of veterans "in like positions and under the same conditions" as existed prior to January 1, 1898, and I am also aware that, pursuant to the provisions of section 1536 of the charter, the various officers therein named, in manner as therein provided, transferred "the officers and members of the uniformed force of the fire department of the city of Brooklyn, including the secretary, * * * fire marshal * * * to the fire department as constituted by the Greater New York charter, and that such persons so transferred were assigned to duty in the borough of Brooklyn, in the same rank and grade as * * * held by them respectively" prior to the consolidation of the cities. See City Rec-

ord, Jan. 14, 1898.    If relator's removal was willful and wrongful, then he has, in addition to the action in the nature of quo warranto, his remedy under the statute (chapter 821, Laws 1896) against the defendant for his damages sustained by reason thereof, and the defendant may also be proceeded against, charged with a misdemeanor. People v. Morton (Sup.; Nov., 1897) 49 N. Y. Supp. 760, opinion by Parker, C. J.; In re Vanderhoof, 15 Misc. Rep. 434, 36 N. Y. Supp. 833.    But, as to the last preceding section, I have nothing to do here, nor do I intend hereby to express any opinion thereon.    The Fallon Case, 7 App. Div. 185, 40 N. Y. Supp. 285, has no application to this case, and the main question presented here is not to be found in that case.    The Stanley Case, in 43 Hun, 537, had reference to the rights of an assistant teacher; and the Drake Case, 88 Hun, 173, 34 N. Y. Supp. 487, and the Vanderhoof Case, 15 Misc. Rep. 434, 36 N. Y. Supp. 833, related to clerks, and not to incumbents in a public office.    For the reasons above stated, the application must be denied.    Application denied.