THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOYT H. FREEMAN, Relator, *v.* JAMES K. McGUIRE, as Mayor of the City of Syracuse, and MELVIN Z. HAVEN, as City Clerk of the City of Syracuse, Respondents.

*Syracuse — power to remove the fire marshal — service of charges and notice of a hearing thereon are prerequisites.*

The charter of the city of Syracuse contained two independent provisions, one of which provided that the mayor should appoint a fire marshal who should hold office for the term of four years, and that he "may be removed for cause upon charges duly furnished in writing by the mayor;" the other of which provided that whenever any written charges should be presented against a city officer "for incapacity, official misconduct or other offense," the common council should cause a copy of the same to be served on the accused at least five days before a time designated for the hearing thereof, with a notice of the time and place of the hearing. The mayor signed and sent to the common council written charges of official misconduct against the fire marshal, and on the same day removed him without either notice or a hearing.

*Held,* that the fire marshal could not be removed except for cause and after an opportunity to be heard;

That the action of the mayor in this case could be reviewed by certiorari.

CERTIORARI issued out of the Supreme Court and attested on the 19th day of May, 1897, directed to James K. McGuire, as mayor of the city of Syracuse, and Melvin Z. Haven, as city clerk of the city

of Syracuse, commanding them to certify and return to the office of the clerk of the county of Onondaga all and singular their proceedings in regard to the dismissal of the relator from the office of fire marshal of the city of Syracuse and the appointment of his successor.

*Lewis E. Waters,* for the relator.

*James E. Newell,* for the respondents.

FOLLETT, J. :

The material facts are not disputed.

December 2, 1895, the relator was duly appointed fire marshal of the city of Syracuse for an unexpired term of four years, ending June 1, 1899. May 3, 1897, the mayor signed and sent to the common council written charges of official misconduct against the relator, and on the same day removed him from his office, without notice, and appointed James E. Leamy as his successor. It is contended by the mayor that, under the charter of the city of Syracuse, he had the right arbitrarily to remove the relator without notice and without a hearing.

The charter of the city of Syracuse (Chap. 26, Laws of 1885, as amended by chap. 531, Laws of 1893) provides :

"§ 199. The mayor shall appoint a fire marshal who shall hold his office for the period of four years. He shall be a citizen of the city of Syracuse, practically qualified for the office, and not less than thirty-five years of age. He may be removed for cause upon charges duly furnished in writing by the mayor."

"§ 246. Whenever any written charges shall be presented against any officer of the city (except as otherwise herein provided) for incapacity, official misconduct or other offense, specifying the same, the common council shall cause a copy of the same to be served upon the party charged at least five days before the hearing of the same, with a notice of the time and place of the hearing thereof. At the time and place specified in said notice the common council shall proceed to hear the evidence offered and determine said charges. If the same are not sustained they may dismiss the same, or, if sustained, they may by resolution remove such officer and declare such office vacant and proceed to fill the vacancy as herein provided. No person shall be removed unless by the affirmative vote (to be

taken by ayes and nays) of two-thirds of all the members elected to the council. Nothing herein contained shall authorize the removal of the mayor, alderman, police justice or any justice of the peace of said city."

At common law a public officer appointed or elected for a fixed term can be removed only for cause after a hearing or after an opportunity is given to be heard. (Throop Pub. Officer, §§ 362, 364, and cases cited.) The relator was a public officer of the city of Syracuse, and having been appointed for a definite term he could not be removed, except for cause and after a hearing, unless by virtue of some statute authorizing him to be removed summarily. The counsel for the litigants agree that the sections of the charter above quoted are the only statutory provisions which relate to the removal of the fire marshal. Section 246 provides that the power to remove all officers is vested in the common council of the city, except as otherwise in the charter provided. It is contended by the learned counsel for the mayor that the sentence in section 199 — " He may be removed for cause upon charges duly furnished in writing by the mayor " — takes the case out of section 246 and vests the sole power of removal in the mayor, and contends, in effect, that this sentence should be construed to read, he (the fire marshal) may be removed by the mayor upon written charges or grounds stated by him. It does not seem to me that this is a natural and just construction of the sentence. In case of doubt the sentence should be construed so as to protect the rights and character of the fire marshal. (19 Am. & Eng. Ency. of Law, 562I.) These sections should be construed together, and being so construed the power to remove the fire marshal is vested in the common council, which can be exercised only upon charges furnished by the mayor in writing, and after an opportunity is given to the fire marshal to be heard in respect to those charges, as provided by section 246.

In case it be held that these sections are not to be construed together, and that power to remove the fire marshal is vested in the mayor by section 199, the question then arises whether the fire marshal may be removed arbitrarily and without giving him an opportunity to be heard. The section provides that the fire marshal may be removed for cause, upon charges duly furnished in writing by the mayor. The word " cause," as used in this section, implies

some valid reason for the removal arising out of the non-performance or improper performance of official duties by the incumbent. The word "charges," as used in this section, implies an accusation of official misconduct, and the word "furnished" means that those charges shall be furnished to some official or body. No officer or body is designated in the section to whom the charges are to be furnished. To whom they are to be given — furnished — is left to be supplied by interpretation, and the just interpretation is that the charges shall be furnished to the public officer charged with official wrongdoing, and that he shall be given a hearing thereon. This is the just and natural interpretation of this section, and so construing it the mayor had no power to remove the relator without giving him the charges and an opportunity to be heard.

It is contended that the act of the mayor is ministerial instead of judicial, and that his determination is not reviewable by certiorari. When a statute provides that a public officer shall not be removed, except upon charges made to him in writing, the implication is that such charges must be investigated by some board or officer, and such investigation is reviewable (unless otherwise provided) by a writ of certiorari, and in case the statute provides for a hearing and none is given, the illegal exercise of power may also be reviewed by certiorari.

The determination of the mayor was without authority and wholly void, and it should be reversed, with costs to the relator.

All concurred.

Determination of the mayor reversed and the writ sustained, with fifty dollars costs and disbursements.