(45 Misc. Rep. 517.)

### PADDEN v. CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County. December, 1904.)

1. MUNICIPAL CORPORATIONS—FIREMAN—UNLAWFUL DISCHARGE—OTHER EMPLOYMENT.

Where a fireman wrongfully discharged from the fire department of the city of New York pending reinstatement accepted a position as sergeant at arms to the council of the municipal assembly, he was a mere employé of the city, and not an officer, within New York City Charter, Laws 1897, p. 543, c. 378, § 1549, prohibiting municipal officers from holding two offices.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 314, 336.]

2. SAME—ACTION FOR COMPENSATION—SET-OFF.

Where a fireman wrongfully discharged pending reinstatement accepted employment as sergeant at arms to the city council, he did not thereby abandon his prior office, within New York City Charter, Laws 1897, p. 543, c. 378, § 1549, prohibiting municipal officers from holding two offices, and his earnings as such sergeant at arms could not be set off as against his claim for salary in an action brought therefor after reinstatement.

Action by Henry J. Padden against the city of New York. Judgment for plaintiff.

Nelson Smith, for plaintiff.

Denis O'Leary, for defendant.

GARRETSON, J. The plaintiff having been reinstated as a fireman in the fire department of the city, by virtue of the final determination in the proceeding wherein he invoked the aid of the writ of mandamus against the fire commissioner, it follows that he is entitled to recover the salary incident to the office, unless there is merit in the defendant's first affirmative defense. So much of such defense as alleges that the plaintiff rendered no services to the city during the period alleged in the complaint (which is the time during which he was unlawfully prevented by the commissioner from preforming his duty) is unavailing. The plaintiff was a public officer, charged with the performance of duties local to the city, and the salary belongs to him as an incident of his office. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N. E. 787, 55 Am. Rep. 835. The defendant, however, further alleges that the plaintiff, during a part of the period when he was excluded from his office, "was engaged in other and different employment, and held another and inconsistent office, and received therefrom as wages and salaries various sums of money, for which the defendant is entitled to credit, upon any sum which may be found due to the plaintiff." It was stipulated as a fact upon the trial that from December 1, 1900, to December 31, 1901, the plaintiff was sergeant at arms of the council of the municipal assembly of the city, and received compensation in such position at the rate of $2,000 per annum. In his brief, filed upon the submission, the counsel for the defendant urges the proposition that the acceptance and occupancy of this position by the plaintiff was in violation of section 1549 of the charter (Laws 1897, p. 543, c. 378), and that coincidently with his acceptance of the office of sergeant at arms he must be deemed thereby to have vacated his office of fireman. This claim is much broader than the obligations of the affirmative defense, and is much more far-reaching in its effect, and has not become available to the defendant by amendment made, or asked for, to the pleading. But, giving it the fullest consideration and effect, it may not be regarded as defeating the plaintiff's claim to any extent. The position of sergeant at arms is not subordinate to that of the office of fireman, nor are the relations of the one to the other such as are inconsistent or repugnant, and there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. People ex rel. Ryan v. Green, 58 N. Y. 295. Besides, during that period plaintiff was excluded from his office of fireman, and denied the right to perform its duties, by the agent of the defendant, the fire commissioner, and there could, therefore, be no incompatibility in fact. Had the plaintiff served in private employment and earned a large sum of money thereby, the city would not be entitled to have such earnings applied in reduction of his salary. Fitzsimmons v. City of Brooklyn, supra. However, the section of

the charter above cited must be regarded as operative, according to the language used, and irrespective of the question of the incompatibility of the office and position concurrently held.

The position of sergeant at arms is provided for in section 27 of the charter (Laws 1897, p. 11, c. 378) whereby the council and board of aldermen were each authorized "to elect a sergeant at arms, and such assistants as are needful to the orderly conduct of their meetings." The question remains, is the sergeant at arms thereby made an officer of the city or an employé? Considering the nature of his duties as ordinarily understood and as expressed in the section last cited, he would appear to be a servant or employé. No proof has been made or statute cited that he is charged with any independent duties, or that any trust is imposed upon him by the sanction and restraints of legal authority in official life. "The distinction is plainly taken between a person acting as a servant or employé who does not discharge independent duties but acts by the direction of others, and an officer empowered to act in the discharge of a duty or trust under obligation imposed by the sanction and restraints of legal authority in official life." Olmstead v. Mayor, 42 N. Y. Super. Ct. 481. See, also, People ex rel. Gilchrist v. Murray, 73 N. Y. 535. There should be judgment for the plaintiff as demanded in the complaint.

Judgment for plaintiff.