## COURT OF SPECIAL SESSIONS — NEW YORK — PART II — COUNTY OF KINGS.

### October 6, 1922.

## THE PEOPLE v. LOUIS CHESNIK AND FRED CHESNIK.

(1) PENAL LAW, § 1846—UNLAWFUL ARREST—PEACE OFFICER.

Defendants made an arrest for selling liquor, without lawful authority, pretending that they were United States revenue officers or agents. *Held*, that a revenue agent is not a "peace officer" as defined in sections 960 and 154 of the Code of Criminal Procedure.

(2) SAME—POSING AS REVENUE OFFICER—PENAL CODE, § 931.

But posing as a revenue officer is a violation of section 931, Penal Code.

*J. Preston Mottur,* for motion.

*John E. Ruston, District Attorney (William Koch,* of counsel), opposed.

MOTION to set aside the verdict herein rendered against the defendants on the ground that it is contrary to law.

FRESCHI, J.:

The first count of the information herein charges the making by the defendants of an arrest without lawful authority under the pretense that they were United States revenue officers or agents, of a person alleged to have sold liquor. This count is based on the provisions of section 1846 of the Penal Law. And the second count of the information charges the defendants with personating a public officer.

At the close of the People's case, the motion then made on behalf of the defendants for a dismissal of the first count was denied. As to the second count, I dissented from the vote of the majority of the justices who denied the motion to dismiss the same. My vote to dismiss the second count was based on the provisions of section 339 of the Greater New York Charter, which was the only statute then cited as bearing on that count, and which was in my opinion not applicable to the facts charged therein. I still adhere to that ruling in so far as section 339 of the charter is concerned.

At the conclusion of the defense and at the end of the trial, Mr. Justice Herbert voted to acquit the defendants on the facts presented by them and on the merits of fact on the whole case. Of course, his vote on this motion is to grant the same for the reason that he believes the defendants should be acquitted.

Mr. Justice Voorhees and I have found against the defendants on the issue of fact raised at the trial; and we are of the opinion that the testimony of the People's witnesses is true.

After the rendition of the verdict against the defendants,

this motion was made at the suggestion of the presiding justice to set aside the verdict. Decision thereon was reserved to enable the parties to file briefs on the law of the case.

Upon examining the law on this motion, I have concluded that section 931 of the Penal Law is applicable to the facts charged in the second count of the information, namely, personating of a public officer by the defendants, and under which statute the second count of the information should, in my opinion, be sustained. Section 931 (*supra*) reads as follows:

"*Personating Officers, Firemen and Other Persons.*—A person who falsely personates a public officer, civil or military, or a policeman, or a private individual having special authority by law to perform an act affecting the rights or interests of another, or who assumes, without authority, any uniform or badge by which such an officer or person is lawfully distinguished, and in such assumed character does an act, purporting to be official, or willfully wears or displays the device of arms of the state of New York or any of its subdivisions, or any facsimile or imitation thereof, or any device or insignia purporting to empower such person to represent the United States, the state of New York, or a political subdivision thereof, with intent thereby to injure or defraud another, or to obtain or secure any special privilege or advantage to which he is not entitled, is guilty of a misdemeanor."

Neither the district attorney nor the counsel for the defendant has referred to this last cited statute. The district attorney's brief seems to rest his case entirely on the provisions of section 1846 of the Penal Law. The substance of his contention is that, under the last mentioned section of the Penal Law the defendants are to be held guilty on both counts inasmuch as the words "public officer" includes "revenue agents"; and, furthermore, because whatever the defendants did were the acts of public officers within the prohibition of section 1846 (*supra*). It is my judgment that this statute does not apply to the charge of personating a public officer.

The question of law presented by counsel for the defendants on this motion is whether the district attorney has shown, in the light of the proof adduced with respect to the first count (the making of an unlawful arrest), that the defendants have acted as and come within the class of officers enumerated in the first half or part of section 1846 of the Penal Law. In other words: When the defendants pretended to act as revenue officers of the United States for the enforcement of the prohibition law, did they hold themselves out as " deputy sheriff, marshal, or policeman, constable or peace officer " ?  Defendants contend that the last half or part of that section has not been met by the proof of the case, because the district attorney has failed to prove that the defendants had, at the time they committed the acts complained of, acted or pretended to act " under the pretense or color of any process "; and I feel constrained to agree with this statement of the law. It is quite true that there is no proof in the case, nor even an intimation, that " any process " or pretense of process figured or was referred to when the defendants attempted to take the complainant into custody under arrest; and for that reason I hold that the latter part of section 1846 does not apply to the facts and that the term " public officer " has no bearing on the case whatsoever.

It seems to me that section 1846 (*supra*), which is entitled " Making arrest without lawful authority," should be considered in the light of this division, to wit: (a) "Any person who shall, in this state, without due authority, exercise, or attempt to exercise the functions of, or hold himself out to any one as a deputy sheriff, marshal, or policeman, constable, or peace officer," (b) " or any public officer, or person pretending to be a public officer, who, unlawfully, under the pretense or color of any process, arrests any person or detains him against his will, or seizes or levies upon any property, or dispossesses any one of any lands or tenements without a regular process therefor, is guilty of a misdemeanor."

In his brief, the district attorney omits much of the second

half of this section, especially that portion referring to an act based on " any process "; and he has limited his points exclusively to the presentation of the law that concerns the pretense by the defendants that they were public officers. To quote from his brief: " The district attorney does not claim that the defendants represented themselves to be ' peace officers,' but did represent themselves to be ' public officers.' " He cites a number of authorities construing these words and defining what constitutes a " public officer." There is no doubt that a " revenue agent or officer " is a " public officer " within the meaning of Penal Law, section 1846, and under the cases cited by the district attorney: Peo. ex rel. Kelly v. Common Council, 77 N. Y. 503, 507; Case of Wood, 2 Cowen, 1; note, p. 30; Peo. ex rel. Henry v. Nostrand, 46 N. Y. 376; Connor v. New York, 2 Sandford, 355; Rouland v. New York, 83 N. Y. 372; Olmstead v. New York, 10 Jones & S. (N. Y.) 481; Opinions (N. Y.) Attorney-General, 1897, p. 259; Collins v. New York, 3 Hun, 680; Peo. v. Scannell, 22 Misc. 298; Haddon v. New York, 45 Misc. 517; U. S. v. Harwell, 6 Wall. (U. S.) 385; U. S. v. Strobach, 48 Fed. 902; U. S. v. Martin, 17 Fed. 150. Among these cases, I find false representations as to fire marshals, firemen, agents of excise departments, court attendants, assistant of the board of aldermen, clerk of an assistant United States treasurer, United States marshal and deputy United States marshal, and general definitions of what constitutes a " public officer." But these do not apply to this case at bar, because the defendants acted without " the pretense or color of any process." If my reading and interpretation of section 1846 be correct, then the mere holding themselves out and exercising the functions of revenue agents was not a holding out, etc., by the defendants as deputy sheriff, marshal, or policeman, constable, or peace officer; and if they had pretended to act as public officers under the color of any process, they would have in that case been amenable to this

particular criminal statute. Their acts were those of personating a public officer as charged.

To summarize, it seems to me to be clear, therefore, that to hold oneself out as a peace officer, or to exercise the functions of such without due authority is criminal and punishable as a misdemeanor, under section 1846, Penal Law. A revenue agent is not a " peace officer." Sections 960 and 154 of the Code of Criminal Procedure defines a " peace officer " as follows:

Sec. 960. " Unless when otherwise provided, the term peace officer signifies any one of the officers mentioned in section 154." And section 154 provides that " a peace officer is a sheriff of a county, or his under-sheriff or deputy, or a county detective appointed pursuant to chapter sixty-two of the laws of eighteen hundred and ninety-seven as amended by chapter five hundred and ninety-eight of the laws of nineteen hundred and eleven or a constable, marshal, police constable or policeman of a city, town or village." But to pose as a revenue officer is violation of section 931 (*supra*).

I conclude, therefore, as a matter of law, that the evidence adduced sustains the charge contained in the second count; and that the evidence is insufficient on which to adjudge the defendants guilty under the first count of the information; and the verdict of guilty under the second count should be allowed to stand, both on the law and facts. I vote accordingly.

Mr. Justice VOORHEES concurs.

Mr. Justice HERBERT dissents.