[No. 22085.   Department One.   November 14, 1929.]

ARTHUR C. BENEFIEL, *Respondent,* v. EAGLE BRASS FOUNDRY *et al., Appellants.*[1]

*Bullitt & Kahin* (*Orlo B. Kellogg,* of counsel), for appellants.

*Elias A. Wright* and *Sam. A. Wright* (*Frank Harrington,* of counsel), for respondent.

[1]Reported in 282 Pac. 213.

BEALS, J.—From a judgment in favor of plaintiff, in an action brought to recover damages for personal injuries, tried to the court, defendants appeal.

Error is assigned upon the action of the superior court in appointing physicians to examine respondent, in finding appellant Jorgenson guilty of negligence, and in failing to find respondent guilty of such contributory negligence as would in law bar his recovery of judgment against appellants.

Respondent, a battalion chief in the Seattle fire department, in command of the fire station located at the corner of Fourth avenue south and Horton street, together with his chauffeur, left the station during the afternoon of July 12, 1928, as they testified, and as the trial court found, in response to an alarm of fire, and proceeded south to Spokane street, thence west on the last mentioned thoroughfare, which is a much traveled highway leading to West Seattle. Spokane street, westerly from its intersection with Fourth avenue south, consists, for quite a distance, of two ribbons of pavement, each about thirty-five feet wide, separated by about seventy-five feet of unpaved highway. West bound traffic uses the north ribbon and east bound traffic the south. Respondent was proceeding west along the north pavement. Appellant Jorgenson, who was in the employ of appellant, Eagle Brass Foundry, a corporation, as driver of a Ford truck, was driving his truck, on his employer's business, in a northerly direction along a plank roadway, not an improved street, which crosses the center unpaved portion of Spokane street from south to north. He had reached the north ribbon and proceeded some small distance thereon when a collision occurred between the truck which he was driving and the car in which respondent was riding. As a result of the collision, respondent was severely injured, and brought

this action seeking recovery of damages against appellants.

Thereafter appellants moved the court for an order requiring respondent to submit to a physical examination by a commission of physicians, suggesting to the court the names of three physicians whom appellants desired to examine respondent. Respondent's counsel objected to two of the three physicians suggested by appellants. After a hearing, the court entered an order allowing appellants to name one doctor, the respondent to name another, the court naming a third, and further directing that the respondent submit to a physical examination by the three so designated. The court named on the commission the doctor suggested by appellants to whom the respondent had no objection.

Appellants contend that the court committed reversible error in permitting respondent to name one of the physicians who were to make the examination. While the course followed by the trial court in permitting the respondent to name one of the three physicians who were to examine him was unusual and to some extent irregular, we find therein no reversible error. Respondent was examined by two of the three physicians who were selected by appellants for the purpose of making the examination. Appellants made no application to the court for any further examination by other physicians, and we hold that, in the matter of the physical examination of respondent, the record discloses no reversible error.

The following sections of traffic Ordinance No. 53223 of the city of Seattle, which was received in evidence, are pertinent to the questions before us for determination.

"Section 22. RIGHT OF WAY: Vehicles of the fire department, when going to, on duty at, or returning

from a fire, shall have the right-of-way over all vehicles and persons. Every operator of a vehicle, upon the approach of the apparatus of the fire department, shall immediately proceed to the right hand curb and come to a full stop standing parallel thereto, . . . It shall be unlawful for any person operating any vehicle, street car, locomotive or railroad car, in or upon any street, or for any person standing or walking in any such street, to fail, refuse or neglect to allow the right-of-way to apparatus or members of the fire department, when the same is going to, on duty at, or returning from a fire.''

"Section 100. It shall be unlawful to drive or operate a vehicle in crossing or turning about upon a crossing, other than at a street intersection except when at a street end.''

"Section 103. A driver already upon a street shall have the right of way over a driver entering at a point other than a street intersection, and it shall be the duty of such driver to yield the right-of-way to the driver already upon the street; provided that the foregoing shall not apply to the apparatus of the fire and police departments.''

"Section 104. No driver shall enter any street from any other point than a street intersection at a rate of speed faster than five (5) miles per hour, nor without first attracting the attention of approaching pedestrians and vehicles by signalling with sounding device: Provided that the foregoing shall not apply to the fire and police departments of the city.''

Under this ordinance, the speed limit at which vehicles may travel upon the public streets is fixed at twenty-five miles per hour. It is not disputed that the respondent's car was traveling at a rate of speed greater than twenty-five miles per hour, and, it being conceded that there is no ordinance of the city of Seattle exempting motor vehicles belonging to the city fire department from the limitation imposed by this regulation, appellants contend that respondent was guilty of contributory negligence as matter of law in

exceeding the speed limit. For the purposes of this opinion, we assume that any negligence on the part of respondent's chauffeur should be imputed to respondent.

In maintaining a fire department, a city is exercising a governmental function, and a fireman, instead of being considered as an ordinary employee of the city, "is in fact a public officer and engaged in a governmental duty." *Johnson v. Pease,* 126 Wash. 163, 217 Pac. 1005.

As to whether or not respondent, in answering the fire alarm, was required to observe the ordinary speed limit fixed by ordinance for vehicles traveling upon the public streets, the opinion of this court in the case of *Clark v. Wilson,* 108 Wash. 127, 183 Pac. 103, is in point. In that case, it was held that a police officer of the city of Seattle, riding upon a motorcycle, responding to an emergency call received by him in the line of his duty, was not limited to the speed prescribed for ordinary vehicles, and that it could not be held that the officer, in traveling on the public street at the rate of thirty-five or forty miles per hour, was as matter of law guilty of contributory negligence. The opinion of this court in the case of *State v. Gorham,* 110 Wash. 330, 188 Pac. 457, 9 A. L. R. 365, is to the same effect.

Following the rule laid down by these cases, and subject to the limitations therein pointed out, we conclude that persons in control of fire apparatus belonging to a regularly established fire department are not, in using the streets of their city in responding to fire alarms, bound by the speed limits fixed by ordinance for ordinary traffic. In addition to the decisions of this court above cited, this conclusion is supported by the cases of *Balthasar v. Pacific Electric R. Co.,* 187 Cal. 302, 202 Pac. 37, 19 A. L. R. 452;

and *Oklahoma R. Co. v. Thomas,* 63 Okl. 219, 164 Pac. 120, L. R. A. 1917E 405.

The trial court found, and the finding is amply supported by the testimony, that the siren upon the automobile in which respondent was riding was, as respondent was proceeding along Spokane street, loudly sounding, and that the fire signals at the intersections of Fourth avenue south and First avenue south with Spokane street were also in operation; notwithstanding all of which, appellant Jorgenson drove the truck under his control onto the northerly pavement on Spokane street and almost immediately collided with the car in which respondent was riding.

The trial court found that appellant Jorgenson, in driving the appellant foundry company's truck, was guilty of negligence which proximately contributed to the accident, and failed to find that respondent or his driver had been guilty of contributory negligence which would in law bar any recovery against appellants on the part of respondent. Naturally the accident occurred suddenly, and the few witnesses who saw the collision differed in their testimony as to just exactly what happened. A careful examination of the testimony convinces us that, in deciding the issues between the parties, the trial court was correct in its conclusion that appellants are in law liable to respondent for the damages which he suffered as a result of the collision. Granting that the duty rested upon respondent and his chauffeur to use reasonable care in the operation of the machine under their charge to avoid colliding with any other automobile, and that, as an abstract proposition of law, one in the position of respondent might, as a matter of fact, be guilty of such contributory negligence as would in law bar a recovery, we do not find in the record before us any-

thing which calls for the application of either of these principles.

We conclude that the findings of the trial court are supported by a preponderance of the testimony, and that the judgment in accordance therewith in respondent's favor was right.

Judgment affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.