OLSON, Appellant, vs. CITY OF SUPERIOR, Respondent.

*February 12—March 10, 1942.*

For the appellant there was a brief by *Crawford & Crawford,* and oral argument by *Andrew Borg,* all of Superior. *George D. Flynn,* corporation counsel, for the respondent.

FRITZ, J.    Upon evidence which was somewhat conflicting the court found that the plaintiff, Arnold Olson, was put to

work on the defendant's fire department of Superior on May 26, 1934; that Alvin Ostlund went to work May 24, 1934, but was laid off from November 16, 1934, to March 20, 1935, and put back on March 20, 1935; that George Burgner was hired on May 23, 1934, but did not start to work until May 27, 1934; that James Sutherland was put to work on June 9, 1934; and that the appointment of these men was approved by the city's police and fire commission on December 4, 1934. The court also found that at the time these men began to work an ordinance of the city limited the number of men on the department to eighty-two, and that plaintiff was the eighty-third man; that on November 21, 1935, Olson, Burgner, Sutherland, and seven others in the order of seniority named were dismissed by the chief of the department because they were employed in excess of the number provided by ordinance; that Ostlund was not laid off, and earned $8,882.49 from November 22, 1935, to November 15, 1940; that Burgner, on September 24, 1936, and Sutherland, on March 1, 1938, returned to work and performed the same work that the plaintiff would have performed if he had continued working on the department; and that plaintiff was never put back to work and protested his dismissal to the chief of the department several times, but commenced no legal action to have his rights to his position on the department determined. The court concluded that plaintiff and likewise Ostlund, Burgner, and Sutherland were members of the department; that, in view of sec. 62.13 (5m) (b) and (c), Stats., Olson should have been retained on the department instead of Ostlund; that when he was so retained and when Burgner and Sutherland were rehired they were *de facto* officers of the fire department and were doing the work that the plaintiff would have been doing if he had been retained on the department; and that defendant was entitled to judgment dismissing the complaint. The written opinion filed discloses that the complaint was dismissed because the court concluded that the situation herein is governed

by the ruling in *Clausen v. Fond du Lac County*, 168 Wis. 432, 170 N. W. 287, that where the salary has been paid to a *de facto* officer the *de jure* officer cannot recover the money from the municipality. On this appeal by the plaintiff there is no assignment of error in relation to the court's findings of fact, and as there has not been any notice for a review under sec. 274.11, Stats., served on plaintiff by the defendant, its contentions asserting error in the findings and conclusions cannot be entertained.

Among the contentions relied upon by plaintiff in claiming that the court erred in dismissing the complaint is the contention that subordinate members of a municipal fire department are not officers of the municipality and do not have an exact office, and therefore the rule that when the salary has been paid to a *de facto* officer, the *de jure* officer cannot recover from the municipality the sums so paid, is not applicable in this case. Plaintiff contends that although that rule was applicable to the situation in *Clausen v. Fond du Lac County, supra*, in which there was but one distinct and definite office, there is a materially different situation in this case in that plaintiff, Ostlund, Burgner, Sutherland, and about twenty-six other men performing similar duties as pipemen, were mere employees and not officers, and none of them had a definite office; and that, consequently, in this case there are not involved two men contesting the right to the same office, but there is involved the wrongful dismissal of and failure to rehire an employee,—the plaintiff,—in deliberate violation by the city of the provisions in sec. 62.13 (5m) (a) and (c), Stats. These contentions must be sustained.

In *Martin v. Smith*, 239 Wis. 314, 332, 1 N. W. (2d) 163, we said,—after quoting with approval the definition of public officer in *State ex rel. Barney v. Hawkins*, 79 Mont. 506, 257 Pac. 411,—

"It is certain that a person employed cannot be a public officer, however chosen, unless there is devolved upon him by

law the exercise of some portion of the sovereign power of the state in the exercise of which the public has a concern."

As it does not appear that the exercise of any such power has devolved upon or been delegated to the subordinate members of defendant's fire department, who were employed as pipemen, neither plaintiff nor Ostlund, Burgner, Sutherland, or any of the other pipemen were public officers. That conclusion is in accord with the weight of authority on this subject. *State ex rel. v. Jennings,* 57 Ohio St. 415, 49 N. E. 404, 63 Am. St. Rep. 723; *People v. Pinckney,* 32 N. Y. 377; *Exempt Firemen's Ben. Fund v. Roome,* 93 N. Y. 313, 45 Am. Rep. 217; *State ex rel. v. Johnson,* 123 Mo. 43, 27 S. W. 399; *Mason v. Los Angeles,* 130 Cal. App. 224, 20 Pac. (2d) 84; *Peru v. State ex rel. McGuire,* 210 Ind. 668, 199 N. E. 151; 6 McQuillin, Mun. Corp. (2d ed.) pp. 496, 497, § 2577; 37 Am. Jur. p. 856, § 225.

Cases holding to the contrary are based usually upon special charter or statutory provision, or on decisions based on such provisions. See *Nelson v. Superior,* 109 Wis. 618, 621, 85 N. W. 412; *People ex rel. Brymer v. Scannel,* 22 Misc. 298, 49 N. Y. Supp. 1096; *People ex rel. v. McGuire,* 27 App. Div. 593, 50 N. Y. Supp. 520; *Benefiel v. Eagle Brass Foundry,* 154 Wash. 330, 282 Pac. 213; *Fort Smith v. Quinn,* 174 Ark. 863, 296 S. W. 722; *Padden v. New York City,* 45 Misc. 517, 92 N. Y. Supp. 926.

In connection with considering the rule that a *de jure* officer cannot recover from the municipality the sums paid to a *de facto* officer, which was applied in *Clausen v. Fond du Lac County, supra* (p. 435), the court said,—

"The logic of these decisions is, not that the *de facto* officer is entitled to the money, but that the disbursing officers of the municipality ought not to be required to try and decide the question as to which claimant is entitled to the salary, at the peril of double payment by the municipality if the question be decided wrongly; that the most important consideration is

that the public business shall proceed without interruption, and that this result is most likely to be accomplished by payment to the person in possession of the office under color of title discharging its duties."

Although the important consideration that the public business shall proceed without interruption may exist in the case of a public office, as to which there is but one particular officer upon whom there devolves by law the exercise of some portion of the sovereign power, there is no basis for any such consideration when, as in this case, an employee, who seeks to recover salary which he would have received but for an unlawful dismissal in disregard of his civil-service status, was but one of a number of men employed to do the same kind of work in a department. Under such circumstances there is no controversy as to the possession of a particular office, which is to be administered by but one officer, and no interruption in the conduct of the public business, because of which it may be necessary to make payment to a *de facto* incumbent in order to avoid such interruption. Moreover, when, as in the case at bar, the plaintiff is a member of a department in which a number of others perform the same kind of work, so that it is impossible to identify any particular member as the one who did the work which ought to have been given to plaintiff, it would be a denial of justice to say that his only remedy is,— as in the case of a public officer,—to recover from the person who performed the work in his stead and to whom the compensation therefor was paid by the municipality. As the court said in *Ransom v. Boston,* 192 Mass. 299, 306, 78 N. E. 481,—

"The plaintiff was not the holder of a public office which had been usurped by another who was readily to be identified, and against whom a complete remedy was available. He was a laborer, a member of a gang. It ordinarily would be difficult and frequently impossible to identify the laborer who was doing the work that ought to have been given to the plaintiff. If he could identify the particular person who had been em-

ployed in his stead, it would be practically a denial of justice to say that his only remedy was by a suit for damages against another laborer, who presumably would have no means to satisfy a judgment. Such a limitation has been made in the case of public officers, to whom it usually could be applied without injustice; but we have found no decision in which it has been extended to such a case as this, and in our opinion it ought not to be so extended."

See also *Board of Capitol Managers v. Rusan,* 72 Colo. 197, 210 Pac. 328; *Phoenix v. Sittenfeld,* 53 Ariz. 240, 88 Pac. (2d) 83; *State ex rel. Roe v. Seattle,* 88 Wash. 589, 153 Pac. 336, 338; *Watkins v. Seattle,* 2 Wash. (2d) 695, 99 Pac. (2d) 427, 431. In point likewise are the following conclusions stated in *Ransom v. Boston, supra,* in relation to the recovery to which an employee, having a civil-service status, is entitled when he has been dismissed in violation of statutes regulating the employment, to wit (p. 307),—

"The statutes and the rules of the civil-service commissioners entered into the contract and constituted a part of the terms of his employment. For any breach of these terms of employment he may recover in an action of contract. This point was expressly decided in *United States v. Wickersham,* 201 U. S. 390, 26 Sup. Ct. 469, 50 L. Ed. 798, citing *Emmitt v. Mayor & Aldermen of New York,* 128 N. Y. 117, 28 N. E. 19, and *Lellmann v. United States,* 37 Ct. of Cl. 128. We do not mean to intimate that the plaintiff is necessarily entitled to recover the full amount which he has claimed . . . and, as in the ordinary case of a breach of a contract of employment, the measure of damages would be determined by the pay he would have earned, less what he earned, or in the exercise of proper diligence might have earned, elsewhere." See also *Board of Capitol Managers v. Rusan, supra; Logan v. Two Rivers,* 227 Wis. 499, 278 N. W. 861.

It follows that the payment to others of the salary which plaintiff was entitled to receive as salary, since his dismissal on November 21, 1935, in disregard of his status as a civil-service employee, does not constitute a defense to his right to

recover the damages which he sustained as the result of dismissal. As there are no findings by the trial court in respect to the amount of salary that should have been paid to plaintiff by the defendant since that dismissal, and in respect also to the amount to be deducted therefrom, because of his earnings elsewhere during the same period, the cause must be remanded for further proceedings to determine those amounts and the consequent amount of the damages for which he is entitled to have judgment entered herein.

*By the Court.*—Judgment reversed, and cause remanded with directions for further proceedings in accordance with the opinion.