STATE, Respondent, vs. HACKBARTH, Appellant.*

*February 10—March 7, 1950.*

---

* Motion for rehearing denied, without costs, on May 2, 1950.

For the appellant there was a brief by *Gerold & Huiras* of Port Washington, and oral argument by *Ralph J. Huiras* and *Carl E. Gerold*.

For the respondent there was a brief by the *Attorney General, William A. Platz*, assistant attorney general, and *Jerold E. Murphy*, district attorney of Fond du Lac county, and oral argument by *Mr. Platz* and *Mr. Murphy*.

BROADFOOT, J.   The defendant having been found guilty we state the facts which the state claims support the judgment.   The Grand View Hotel caught fire on February 1, 1949.   The fire siren sounded about 1:45 a. m.   Shortly thereafter a person, identified as the defendant, went to a near-by apartment and called the Berlin and Fond du Lac fire departments.   When connected with these departments he said, "Grand View Hotel burning.   We need help."   He did not identify himself.   He left the apartment but returned fif-

teen or twenty minutes later. He then called the fire department at Princeton and made the same statement that he had made earlier to the other fire departments. He tried to call the Waupun fire department but was unable to reach it, and then called the Oshkosh fire department stating, "Ripon calling. Grand View Hotel burning. We need help." After a pause he said, "Johnson, assistant fire chief." According to a later admission to a deputy state fire marshal he had been asked by the Oshkosh fire department to identify himself. It was then that he answered, "Johnson, assistant fire chief." All of the fire departments contacted by the defendant responded to the call.

The city of Ripon has two assistant fire chiefs, neither of whom is named Johnson. Neither the fire chief nor the mayor of Ripon, the only two officials authorized to call for outside aid, authorized anyone to call the Berlin, Fond du Lac, Princeton, or Oshkosh fire departments to the Grand View Hotel fire.

The appellant claims that the court erred in finding him guilty for the reason that the state failed to prove beyond a reasonable doubt every element of the offense charged in the information which read as follows:

"I, Jerold E. Murphy, district attorney in and for Fond du Lac county, Wisconsin, do hereby inform the court that on the 1st day of February in the year 1949 at the city of Ripon, Fond du Lac county, Wisconsin, Gilbert Hackbarth, did falsely assume and pretend to be a public officer, to wit: assistant fire chief of the city of Ripon, and did take upon himself to act in a manner purporting to be official, whereby others were injured and defrauded, to wit: the city of Oshkosh, four firemen from the city of Oshkosh, the fire chief, and mechanic accompanying him from the city of Oshkosh, contrary to chapter 346.49 of the Wisconsin statutes in such case made and provided, and against the peace and dignity of the state of Wisconsin."

Among other claims of error, the appellant contends that the state failed to prove beyond a reasonable doubt that an assistant fire chief of the city of Ripon is a public officer. The appellant is correct in this contention. There is nothing in the Wisconsin statutes making an assistant chief of the fire department of the city of Ripon a public officer. The record before us contains nothing relative to the provisions of the city ordinances of the city of. Ripon which might make the assistant fire chiefs of the fire department of that city public officers.

The state calls attention to sec. 328.02, Stats., which provides that municipal courts shall take judicial notice of ordinances in cities in which they have jurisdiction. The state contends that the trial court was required to take judicial notice of the ordinances of the city of Ripon and quotes in its brief certain sections of an ordinance of that city which indicate that the assistant chiefs of the fire department are officers. However, the ordinance was not introduced in evidence, nor in any way made a part of this record. This contention was also made in the case of *Wergin v. Voss,* 179 Wis. 603, 609, 192 N. W. 51, in which the court stated:

"It is claimed that by virtue of this provision it was unnecessary to prove the ordinance in the municipal court, as that court was bound to take judicial notice of its existence. No reference was made to this ordinance in the decision or in the findings by the lower court. Whether the ordinance has a legal existence we have no way of knowing. We are not authorized to take judicial notice of it as a matter of law and, indeed, it is difficult to see how we could do so as a matter of fact."

If the rule were otherwise and if an appellate court could take judicial cognizance of any matter of which the court of original jurisdiction might take notice, this court would be faced with many problems. This court could not be certain that the trial court had taken judicial notice of any particular

matter, nor would there be anything before us to show what the trial court had taken judicial notice of. This court would have to indulge in research to determine whether there is an ordinance affecting the rights of the parties and whether or not such ordinance has a legal existence. It is necessary, therefore, in cases where an appeal may be taken, that any matters of which the trial court may take judicial notice be offered in evidence or otherwise made a part of the record.

Subordinate members of a fire department, whether assistant chiefs or not, may be either municipal officers or municipal employees. In *Olson v. Superior,* 240 Wis. 108, 2 N. W. (2d) 718, this court held that subordinate members of the fire department of the city of Superior were not officers of the municipality, but were employees. Sec. 346.49, Stats., does not cover employees, as does a somewhat similar provision of the United States Criminal Code, 18 USCA, sec. 912. Therefore, the citations of federal decisions in the state's brief are not applicable to the case before us. The state has wholly failed to prove that the assistant fire chiefs of the fire department of the city of Ripon are public officers.

*By the Court.*—The judgment and sentence are reversed and cause remanded with directions to enter a judgment discharging the defendant.

The following opinion was filed May 2, 1950:

BROADFOOT, J. (*on motion for rehearing*). The state contends that the decision as rendered requires proof of municipal ordinances in proceedings in municipal court where the court is authorized by statute to take judicial notice of such ordinances. Perhaps the language in the opinion was not the most apt, but we believe the thought conveyed was that matters of which the trial court may take judicial notice should be offered in evidence or otherwise made a part of the record. By proving the ordinance it would become a part of the record. However, there are other methods. We will sug-

gest only one. In matters where the trial court may take judicial notice of an ordinance he can make a finding indicating that he has taken judicial notice of said ordinance, and he can indicate in his finding sufficient of the substance of the ordinance so that the record may be understandable and intelligible to the appellate court. This additional statement should clarify the decision.

*By the Court.*—The motion for rehearing is denied without costs.