Huse and wife, Appellants, v. Milwaukee County Expressway Commission, Respondent.

*March 5—April 3, 1962.*

226

For the appellants there was a brief by *Pommerening & Pommerening* of Milwaukee, and oral argument by *E. C. Pommerening*.

For the respondent there was a brief and oral argument by *Robert P. Russell,* corporation counsel of Milwaukee county.

BROADFOOT, C. J.   Plaintiffs' premises had a frontage on Highway 100 of 737.89 feet. The depth varied from about 76 to 96 feet and contained slightly less than one acre. Part of the premises are located in the city of West Allis and part in the city of Milwaukee. The premises abut a right of way of the Chicago & North Western Railroad and a concrete-block building 36 feet wide by 112 feet long had been erected thereon. There were six illuminated roadside poster panels on the premises, all of which were owned by the plaintiffs at the time of the trial and all of which were rented.

Plaintiffs had purchased a portion of the premises in 1951 for $2,500 and the balance thereof in 1956 for $3,500. When the plaintiff Ralph Huse was on the stand early in the trial he was asked on cross-examination to state what plaintiffs had paid for the property. There was objection that such testimony was immaterial and so remote in time that it could have no bearing on the value of the property as of September 2, 1959. The trial court overruled the objection and the witness testified to the purchase prices as above stated. The plaintiffs now contend this was prejudicial error on the part of the trial court. They contend that there was a great change in the market value of the property along Highway 100 during the three years prior to the condemnation.

In 55 A. L. R. (2d) 791, there is a comprehensive annotation entitled, "Admissibility, in eminent-domain proceeding, of evidence as to price paid for condemned real property on sale prior to the proceeding." At page 793 the general rule is stated:

"Evidence of the price paid for condemned real property on a sale prior to the proceedings in which condemnation is sought is generally admissible in such proceedings, at least where the sale is voluntary, is not too remote in point of time, or is not otherwise shown to have no probative value."

The cases cited cover evidence as to sales ranging from two years and under to over eleven years. No Wisconsin cases are cited. On page 798 it is stated:

"The matter of a change of circumstances between the date of the purchase and the date of the taking may be of considerable significance in determining the admissibility of evidence of the price paid."

In a footnote it is stated:

"It is to be noted that the courts are more inclined to hold that the period of time which elapsed between the date of purchase and the date of the taking is too remote where there is some evidence of a change of circumstances in the interim."

At the time Mr. Huse was asked the question there was no evidence in the record as to any change of circumstances or market values of properties located along Highway 100. At the time the objection was made we cannot say it was prejudicial error to overrule the objection. Later testimony was introduced that indicated a change in circumstances and a change in the fair. market value of such properties. After that testimony was in the record there was no motion to strike or otherwise correct the record in view of the new testimony. Under the circumstances we cannot say that this is grounds for a new trial.

Directly to the south of the Huse premises was a tract of land owned by the Wisconsin Electric Power Company, which was sold in 1958. Evidence of this sale was offered and received. The plaintiffs contend this was error because in 1956 the defendant, by appropriate action, decided to run an access ramp over the middle of said premises and a map showing such ramp was made. Neither the power company nor the purchaser knew of the plan by the defendant to construct this ramp at some time in the future. Plaintiffs contend that because the map was in the office of the defendant it was a public record and the sale was made under a threat of condemnation.

The sale was conducted on the part of the power company by a person in its real-estate department. He did not know at the time of sale that the property would be taken for expressway purposes and he sold the property for what he considered to be the fair market price. Under the circumstances, the testimony was admissible.

Plaintiffs attempted to show by parol evidence that the true consideration for the purchase of one of their tracts was not expressed in the written contract of sale. The trial court refused to permit parol evidence to vary the terms of the contract and the plaintiffs assign this as error.

In this case the land was purchased under a land contract and the contract purported to contain all of the terms of the sale. Under the circumstances there was nothing left out of the contract to be supplied by parol evidence. The trial court properly excluded the proffered testimony.

Premises known as the "Simon property" were located directly across Highway 100 from the Huse premises. The Simon property was leased for a period of thirty years on October 8, 1959. Plaintiffs claim it was prejudicial error for the trial court to refuse to permit testimony as to the value of the Simon property based upon the long-term

lease. They cite no authority for the proposition that such testimony would be admissible. We find no Wisconsin case on the point. The authority closest in point on this issue is 5 Nichols, Eminent Domain (3d ed.), p. 219, sec. 19.21 (1):

"Generally, evidence of the rental value of similar neighboring property is not considered competent in proving the fair rental value of the property condemned. This rule of exclusion is based on the fact that such evidence would give rise to confusing collateral issues which may prove misleading unless further factual details are adduced relative to the degree of similarity between the properties, a study of the neighborhood, and an analysis of the leases involved."

The 1961 cumulative supplement to this section, at page 54, cites *Wenton v. Commonwealth* (1956), 335 Mass. 78, 83, 138 N. E. (2d) 609, where the court said:

"While rental value of a parcel the market value of which is in issue may be received as some indication of the fair market value of that parcel [citing cases], the rental value of similar premises, as distinguished from actual sales near in time, is not sufficiently relevant to warrant the extension of the field of controversy and fact finding which is entailed in its admission. [Citing cases.]"

No prejudicial error was committed in excluding evidence of the long-term lease of the Simon property.

The plaintiffs also contend that since the testimony adduced by the defendant was immaterial and prejudicial the trial court should have directed a verdict for the plaintiffs in the sum of $92,750. It is clear that there was conflicting testimony as to the value of the property of the plaintiffs and thus a jury issue was raised as to its fair market value on September 2, 1959. The jury found a fair market value within the range of the competent testimony before it, and since we find no prejudicial error upon the trial, the judgment based upon the verdict must stand.

*By the Court.*—Judgment affirmed.