BEAR and others, Respondents, v. KENOSHA COUNTY, Appellant.

*November 26—December 20, 1963.*

94

For the appellant there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* of Kenosha, and oral argument by *W. A. Sheldon.*

For the respondents there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *David R. Phillips.*

HALLOWS, J. The defendant contends the judgment is not supported by the evidence mainly because all three of the plaintiffs' experts erroneously assumed that before the taking the plaintiffs had free and uncontrolled access to Highway 50 and, therefore, their opinions of the value should be disregarded. If no right of access existed, the opinion of value based upon such assumption might be disregarded under the rule of *Pressed Steel Tank Co. v. Industrial Comm.* (1949), 255 Wis. 333, 38 N. W. (2d) 354, and *Branch v. Oconto County* (1961), 13 Wis. (2d) 595, 109 N. W. (2d)

105. However, the record does not disclose that to be the fact. The point at issue is the value of the property before taking and particularly the frontage along State Highway 50. The three experts for the plaintiffs testified the highest and best use for this frontage was for residential use with a value of $1,500 an acre excepting for the corner at the intersection which was best suited for commercial purposes with a value of from $7,500 to $10,000. These witnesses also testified that as a result of the taking of the access rights, the highest use of the land for subdivision purposes was destroyed and the value of the tract was from $400 to $425 per acre. The net compensable loss testified to by the three experts for the plaintiffs varied from $22,500 to $26,000. The jury found $12,000. Thus there is credible evidence to sustain the judgment if the opinions of these witnesses can be considered.

It is true the plaintiffs' experts testified on the basis the property had access for residential purposes to Highway 50. But the defendant contends Highway 50 being a state trunk highway the access to and from the adjoining land was controlled prior to the taking and, therefore, was of no value. At the outset the defendant is confronted with the inconsistency in its argument that its award included access rights and it must be presumed the defendant recognized the plaintiffs had rights of access to some degree. The extent of the restrictions and limitations and the effect on value were jury questions.

Impositions of access restrictions on land abutting a state trunk highway are dealt with in ch. 236, Stats., sec. 84.25 and sec. 86.07, Stats. Sec. XI of the Kenosha county zoning ordinance which was not brought to the attention of the trial court at the time of the trial will be discussed later.

It is admitted that the state of Wisconsin has not restricted access to State Trunk Highway 50 pursuant to any authority in sec. 84.25, Stats. This section deals with

controlled-access highways and provides a procedure by which the state may deprive abutting owners on controlled-access highways from ingress and egress. Proceedings under this section have been construed to be an exercise of the police power. *Nick v. State Highway Comm.* (1961), 13 Wis. (2d) 511, 109 N. W. (2d) 71, 111 N. W. (2d) 95.

The provisions of sec. 86.07 (2), Stats., prohibit any person from making any alteration in a state highway or disturbing any highway without a permit from the highway authority maintaining the highway. This section is considered to require a permit to put in a driveway for access from private property abutting the highway. The location, design, and construction of driveways are controlled by the state highway commission in a case of state trunk highways. Sec. Hy 31.03 (2), 2 Wis. Adm. Code (promulgated by the Wisconsin highway commission), provides the number of driveways permitted serving a single-property frontage along a state highway shall be the minimum deemed necessary by the engineer for reasonable service to the property without undue impairment of convenience and utility of the highway. This section does not deny the right to access but regulates access in the interests of public safety and convenience. The trial court properly instructed the jury on this point and it was for the jury to consider in determining the weight to be given to the testimony of the value of the property so affected.

The effect of ch. 236, Stats., on value depends upon the size of the contemplated lots. Sec. 236.02 (8), Stats., defines what is a subdivision which requires approval and recording of a plat. If the act of division creates five or more parcels or building sites of one and one-half acres each or less in area or if five or more such parcels are created by successive divisions within a period of five years then a subdivision is created and the approval of the preliminary or final plat is conditioned in part upon compliance with the

rules of the state highway commission relating to the safety of entrance upon and departure from the abutting state trunk highway. Sec. 236.13 (1), (2). Such rules provide no direct access without consent of the highway commission which also must approve street intersections. Sec. Hy 33.05, 2 Wis. Adm. Code. There is some difference in the evidence over the size of the proposed lots. The defendant argues the testimony of value of one of the plaintiffs' experts was based on lots less than one and one-half acres and, therefore, this control would apply. Testimony of the witnesses of the value was on an acreage basis and the question of the best and most-advantageous use of the land including the size of the lots was a question for the jury which could in determining the value of the land properly consider or disregard this limitation. The jury was correctly instructed on the applicability or nonapplicability of ch. 236, Stats., and ch. Hy 33, 2 Wis. Adm. Code.

The opinions of the experts including their theory and basis of value were for the jury to evaluate as against the defendant's contention the right of access was so impaired, restricted, and controlled as to be valueless. We do not consider an opinion of the value of real estate should necessarily be disregarded because of different evaluations of the factors upon which such opinion is predicated. In this case, access rights did exist, but it is a question of what degree.

The defendant strenuously argues sec. XI of the Kenosha county zoning ordinance, adopted in 1959, and approved March 30, 1961, by the town of Pleasant Prairie in which the land is located, materially affected the value of the land for the proposed use. This zoning ordinance was not called to the attention of the court or in fact known to the defendant's counsel at the time of trial. It is seriously argued the zoning ordinance would materially affect the value of the property and affect access to the highway and especially would affect the value of the proposed commercial parcel by

creating a visual clearance triangle at the intersection. It may well be as the defendant argues this zoning ordinance would materially affect the value of the property. However, we cannot consider its claimed effect on the question of whether the verdict is sustained by credible evidence because the zoning ordinance was not before the jury.

It was not error for the trial court not to take judicial notice of this county ordinance. Its existence was unknown to the court and not called to its attention. Judicial notice is a form of proof in that it dispenses a party from producing evidence and should be requested by counsel. 9 Wigmore, Evidence (3d ed.), p. 536, sec. 2568; see also *State v. Hackbarth* (1950), 256 Wis. 545, 41 N. W. (2d) 594. It is true a court may take judicial notice on its own volition but sec. 328.021, Stats., cannot be construed as requiring the trial court to take judicial notice on its own motion of county ordinances unknown to it and not called to its attention.

The importance of the Kenosha county zoning ordinance is only related to whether the defendant is entitled to a new trial on the ground of newly discovered evidence. After judgment was entered, a motion for new trial on this ground was made pursuant to secs. 269.46 and 270.50, Stats. The granting of such a motion rests in the sound discretion of the trial court.[1] Prerequisites for its exercise were enumerated and discussed in the *Estate of Eannelli* (1955), 269 Wis. 192, 68 N. W. (2d) 791. The trial court in denying the motion was of the opinion a different result was not reasonably probable and the defendant was negligent in not discovering the existence of the ordinance before trial. Whether it is reasonably probable a different result would be reached on another trial need not be determined because we agree

[1] *Birdsall v. Fraenzel* (1913), 154 Wis. 48, 142 N. W. 274; *Erickson v. Clifton* (1953), 265 Wis. 236, 61 N. W. (2d) 329; *Estate of Kemman* (1960), 11 Wis. (2d) 392, 105 N. W. (2d) 769; *Zernia v. Capitol Court Corp.* (1963), 21 Wis. (2d) 164, 124 N. W. (2d) 86.

with the trial court the defendant was negligent in not discovering the existence of its own ordinance prior to trial.

It may be true that counsel for the defendant was unaware of the ordinance but the test is not what counsel knows or is aware of but what his client is or should be aware of. While the defendant can only act through its employees and officials, its highway committee made the award and should have been aware of the existence of the ordinance if it affected the value of the land. Normally, the discovery after trial of a judicial record or an ordinance of a municipal corporation is not a ground for a new trial unless a diligent search in the proper office fails to disclose such record or ordinance. 66 C. J. S., New Trial, p. 306, sec. 107; see also *Dabareiner v. Weisflog* (1948), 253 Wis. 23, 33 N. W. (2d) 220 (public record of a physician's license to practice).

Error is predicated upon the admission of Exhibits 5 through 21 which are photographs of homes in the vicinity of the property in question. These exhibits were objected to because of the lack of evidence of the date of construction of the homes and because of their remoteness from the property. This evidence was not admitted for the purpose of comparing values by the jury but as a foundation for the opinion of the plaintiffs' expert in showing the general character of the neighborhood and the highest and best use of the property. It is true many of the photographs showed driveways, some fronting on Highway 50. However, the admission of these photographs was not error although it was possible as contended by the defendant that the jury might be led to believe because other owners had driveways on Highway 50 the plaintiffs had such a right. If the defendant believed the jury might be so misled, it should have asked for an instruction on the point.

Error is claimed in admitting evidence of noncomparable sales. It is true, some of these sales involved property both in the near neighborhood and also as far as three and one-

half miles away. These sales were not admitted as direct evidence of the value of comparable sales but as a basis for the expert witnesses' opinion. No two pieces of real estate are exactly alike. If the similarity is near enough to afford some material assistance to the jury in determining value of the land in question, the evidence is admissible; if, however, the dissimilarity is so great as might mislead or prejudice the jury, the evidence is inadmissible. The trial court in its discretion must determine the limits within which evidence of such sales may be admissible. *Stolze v. Manitowoc Terminal Co.* (1898), 100 Wis. 208, 75 N. W. 987; *Blick v. Ozaukee County* (1923), 180 Wis. 45, 192 N. W. 380; *Huse v. Milwaukee County Expressway Comm.* (1962), 16 Wis. (2d) 225, 114 N. W. (2d) 429.

The expert witness testifying as to value of property which he has examined should base his opinion on comparable sales as an element of value if such sales exist. The sales used as a foundation or partial foundation of an expert's opinion of value are admissible and if not comparable, go to the weight of the expert's opinion, not their admissibility. The rule of comparable sales is applicable to direct evidence of sales for consideration of the jury in determining the value. The materiality of the elements of the foundation for an expert's opinion goes to its weight. The three sales objected to by the defendant could properly be considered by the jury in evaluating the expert's testimony just as it could consider Exhibit C introduced by the defendant to show sales to substantiate its expert's opinion of value. *Watson v. Milwaukee & M. R. Co.* (1883), 57 Wis. 332, 15 N. W. 468.

Lastly, the defendant asks this court to grant a new trial in the interests of justice by exercising a power under sec. 251.09, Stats. We have considered this possibility but we do not believe this is a proper case for its application.

*By the Court.*—Judgment and order affirmed.