Andrew F. NARLOCH and Ann Narloch, his wife,
Plaintiffs-Appellants,

v.

State of Wisconsin, DEPARTMENT OF TRANSPORTATION,
Division of Highways, District II,
Defendant-Respondent.†

Court of Appeals

*No. 82–052. Submitted on briefs October 4, 1982.—
Decided December 10, 1982.*
(Also reported in 328 N.W.2d 875.)

---

[21] *State ex rel. Harris v. Annuity & Pension Bd.*, 87 Wis. 2d 646, 661, 275 N.W.2d 668, 675 (1979).
† Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the brief of *Thomas W. Koss* of *MacDonald & Koss* of Union Grove.

For the defendant-respondent the cause was submitted on the brief of *Cramer, Multhauf & Curran* of Waukesha.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   The dispositive issue on appeal is whether the trial court committed reversible error by excluding the condemnees' expert testimony regarding damages due to loss of access to the state highway abutting the condemnees' property.   Because we hold that sec. 32.09(6)(b), Stats., recognizes the Narlochs' loss of access as an item of loss or damage to property, we reverse.

In 1972, the Narlochs purchased property fronting on Highway 59 in Waukesha county for investment purposes.   On November 13, 1979, the State took 2.11 acres of net land from the Narlochs' parcel.   The "award of damages" also restricted the Narlochs' access to Highway 59 to a single point along their approximately one-quarter mile of frontage.[1]   The Narlochs appealed the award of damages directly to the circuit court of Waukesha county.

At trial, the Narlochs' expert witness, Carl Kielesch, testified that the highest and best use of the real estate was for residential development and that, in his opinion,

[1] It is undisputed that Highway 59 in the vicinity of the Narlochs' property was not designated as a controlled access highway pursuant to sec. 84.25, Stats.

the before value was $79,800 and the after value was $70,000, resulting in total damages to the remainder of $9,800. In making his appraisal, Kielesch attributed $6,120 of the damage to the taking of the land and $3,680 damage to the restriction of access to Highway 59. During the trial, the court prohibited Kielesch from testifying that, in his opinion, there was a diminution in value due to the Narlochs' loss of right of access. At the close of the trial, the court specifically instructed the jury to disregard any testimony in regard to loss of access rights to Highway 59 because the Narlochs were not entitled to compensation for such loss.

After verdict, the Narlochs moved for a new trial on several grounds, among them, the court's ruling prohibiting testimony as to damages resulting from restriction of access to Highway 59, the court's instruction to the jury that the Narlochs were not entitled to compensation for loss of access rights and the court's refusal to give the standard instruction Wis J I—Civil 8110 relating to loss of access. The court denied the motion for a new trial and entered judgment on the verdict. The Narlochs appeal.

It is undisputed that the "award of damages" in this case was made pursuant to sec. 84.09, Stats., which governs the acquisition of lands and interests therein by the Department. Section 84.09 (2) allows the Department to acquire land by condemnation under ch. 32, Stats.

Section 32.05 (7) (c), Stats., specifies the "award of damages" as the document by which the condemning authority takes title. In the case before us, the Department's "award of damages" not only sets forth the legal description of the 2.11 acres taken, but it also describes with particularity the rights of access which were taken: "Also, all existing, future or potential common law or statutory easements or rights of access between the right of way of the highway, currently designated as S.T.H.

59, and all of the abutting remaining real property of the owner, . . . ."

Section 32.09(6), Stats., prescribes the method to be used in calculating the amount of compensation for the partial taking of property. It specifically requires the condemnor to take into consideration "the following items of loss or damage to the property where shown to exist: . . . (b) *Deprivation or restriction of existing right of access to highway from abutting land, . . . ."* (Emphasis added). The trial court interpreted sec. 32.-09(6) to allow damages only for loss of access via existing driveways. The court reasoned that since the statute used the word "existing" that "I have got to equate existing with use . . . ." The court stated, "When the statute uses the word existing, I interpret it to mean literally what the word existing means in place of use, not something potential." Having interpreted the statute in this manner, the court excluded any testimony from the Narlochs' expert witness in regard to damages due to loss of an "existing right of access" since the Narlochs continued to have access via their one existing driveway. The trial court's exclusion of this evidence resulted in reversible error.

■ The Department argues that the trial court's interpretation of sec. 32.09(6)(b), Stats., is supported by the express language of the statute. According to the Department, the phrase "existing right of access" is, in effect, synonymous with "existing driveway" or existing access. We disagree. In our view, the item of loss or damage described by the statute is the loss of the existing *"right* of access" as opposed to the loss of "existing access" as urged by the Department. We also note the statutory construction urged by the Department is inconsistent with the language of the award of damages drafted by the Department which specifically recognized

the Department was taking the Narlochs' "existing, future or potential common law or statutory easements or rights of access."

The Department next argues that even assuming the trial court erred in its interpretation of the statute, the decision excluding the opinion evidence should be affirmed because of the speculative nature of the damages to the remainder due to the loss of access.

The Department's contention that the damages due to loss of access are speculative is based upon its contention that the Narlochs would be required to get permission from the Department to put in future driveways. According to the Department, this requirement for a permit for additional access points reduces the question of damages due to loss of access to mere speculation. We disagree based upon the holding in *Bear v. Kenosha County*, 22 Wis. 2d 92, 125 N.W.2d 375 (1963).

The facts in *Bear* are strikingly similar to the case at hand. In *Bear*, the condemnee owned a strip of land along a state trunk highway which was not designated as a controlled access highway under sec. 84.25, Stats. In *Bear*, the condemnee's experts testified that in their opinion, the highest and best use of the real estate was residential development. Unlike the instant case, the trial court in *Bear* had allowed the experts to express their opinion that the restriction of access to the highway substantially reduced the value of the remaining real estate. Faced with the argument that the highway in question was a state trunk highway and, therefore, the access to and from the adjoining land was controlled prior to the taking and, therefore, was of no value, the supreme court stated:

It is true the plaintiffs' experts testified on the basis the property had access for residential purposes to Highway 50. But the defendant contends Highway 50 being a state trunk highway the access to and from the ad-

joining land was controlled prior to the taking and, therefore, was of no value. At the outset the defendant is confronted with the inconsistency in its argument that its award included access rights and it must be presumed the defendant recognized the plaintiffs had rights of access to some degree. The extent of the restrictions and limitations and the effect on value were jury questions.

*Bear,* 22 Wis. 2d at 95, 125 N.W.2d at 378. The court concluded discussion of these issues with the following statement:

The opinions of the experts including their theory and basis of value were for the jury to evaluate as against the defendant's contention the right of access was so impaired, restricted, and controlled as to be valueless. We do not consider an opinion of the value of real estate should necessarily be disregarded because of different evaluations of the factors upon which such opinion is predicated. In this case, access rights did exist, but it is a question of what degree.

*Bear,* 22 Wis. 2d at 97, 125 N.W.2d at 379.

The State attempts to distinguish *Bear* on the ground that there is no indication in the case as to whether or not the rights of access taken were actual driveways as opposed to unexercised rights of access. We are convinced that the holding of *Bear* is broad enough to include rights of access as well as existing driveways.

In the case before us, the Department expressly recognized the existence of the Narlochs' right of access when the Department specified the taking thereof in the award of damages. As in *Bear,* the Narlochs' opinion evidence as to the after value based in part upon loss of access rights was for the jury. The trial court's erroneous exclusion of the evidence warrants the granting of a new trial.

*By the Court.*—Judgment reversed and cause remanded for a new trial.