In the interest of Thomas Andrew Schroud, a juvenile: SCHROUD, Appellant, v. MILWAUKEE COUNTY DEPARTMENT OF PUBLIC WELFARE, Respondent.

*No. 269. Argued January 4, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 671.)

For the appellant there was a brief by *Samson, Frie-bert, Sutton & Finerty* and *Robert E. Sutton,* all of Milwaukee, and oral argument by *Robert E. Sutton.*

For the respondent there was a brief by *E. Michael McCann,* district attorney of Milwaukee county, and *Kenneth J. Bukowski,* assistant district attorney, and oral argument by *Mr. Bukowski.*

CONNOR T. HANSEN, J. On appeal from the order of the circuit court, it is contended: (1) That the proceedings were void for the failure to appoint a guardian *ad litem* for the appellant; and (2) that the appellant is entitled to a hearing in order to present newly discovered evidence on a challenge of the voluntariness of her consent.

*Failure to appoint a guardian ad litem.*

Appellant contends that the appointment of a guardian *ad litem* was a prerequisite to the institution of proceedings for the termination of her parental rights. Because the instant proceedings were instituted by a petition signed by appellant when she was a minor and without a guardian *ad litem,* it is argued that the proceedings are void.

A threshold issue is whether this question may properly be considered. Under sec. 48.47, Stats., appeals must be

taken within forty days of the entry of the order. This time period has elapsed. Furthermore, the failure to appoint a guardian *ad litem* cannot be said to constitute newly discovered evidence under sec. 48.46. Sec. 48.42 (2) directs the court to appoint a guardian *ad litem* for any minor or incompetent parent in proceedings to terminate the parental rights of such person. It further declares that no parental rights of a minor or incompetent may be terminated by consent, pursuant to sec. 48.40 (1), unless the guardian *ad litem* joins in the written consent of the parent. In order to declare the order of the county court void, it would be necessary to hold that the termination of parental rights under sec. 48.42 is prohibited unless the appointment of a guardian *ad litem* is made at the institution of the proceedings. Thus, the threshold issue is inseparable from a consideration of the question on the merits.

Although sec. 48.42, Stats., does not declare at what stage in the proceedings a guardian *ad litem* must be appointed, sec. 48.02 provides that a guardian *ad litem* shall be appointed in the same manner as in county court. Under sec. 324.29 (2) (sec. 879.23, effective April 1, 1971), the appointment may be made at any time prior to the hearing. Thus, as the circuit court correctly held, "[i]t is the consent which is the critical act and which needs the joinder of a guardian *ad litem* if the parent is a minor." Since appellant was not a minor at the time of the hearing and at the time she executed the written consent, it was unnecessary for a guardian *ad litem* to have been appointed. The filing of the petition did not prejudice the rights of the appellant and she could have withdrawn her petition at any time or chosen not to have signed the consent form on the date of the hearing.

*Right to a hearing on newly discovered evidence.*

Appellant next argues that the trial court should have granted a rehearing in order that she could present

evidence of coercion and undue influence which allegedly would show that her consent for the termination of parental rights was not voluntary.

The granting of a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. *Bear v. Kenosha County* (1963), 22 Wis. 2d 92, 125 N. W. 2d 375. The statutory authorization for such relief is found in sec. 270.50, Stats. However, the present situation is controlled by sec. 48.46, which provides:

"**New evidence.** A parent, guardian, legal custodian or next friend of any child whose status has been adjudicated by the juvenile court may at any time within one year of the entering of the court's order petition the court for a rehearing on the ground that new evidence has been discovered affecting the advisability of the court's original adjudication or disposition. Upon a showing that such evidence does exist, the court shall order a new hearing and make such disposition of the case as the facts and the best interests of the child warrant."

Under the above statute, two requirements must be met: (1) There must be shown the existence of newly discovered evidence, and (2) the evidence must be of such a character as to affect the advisability of the original adjudication. Appellant has failed in both respects.

In *Dunlavy v. Dairyland Mut. Ins. Co.* (1963), 21 Wis. 2d 105, 115, 124 N. W. 2d 73, the court quoted with approval a statement from *Dunbar v. Hollinshead* (1860), 10 Wis. 447 (*505), with regard to the type of evidence which must be shown:

" 'The affidavit of newly discovered evidence is clearly insufficient. The party seeking a new trial on this ground must give the court the best evidence possible of the truth of the allegations. In order to do this he must produce the affidavits of the witnesses themselves, or satisfactorily show why he cannot do so. In this case no reason or excuse whatever for their nonproduction is

offered. The strict observance of this rule is indispensable, in order to guard against unfounded applications.' "

Appellant's evidence consisted of a statement by her attorney of the type of proof which would be offered and her own affidavit stating that her consent was obtained under duress and by coercion. Clearly, appellant has not complied with this requirement.

The decision of the circuit court contains the following findings:

"A review of the record indicates that at the time of the hearing the petitioner was a junior in college, that the alleged father was from Jamaica where he intended to return after completing his education and there were no present plans of the petitioner and the father to marry. It further appears that the original hearing was adjourned 11 days because of a request of the petitioner. This was in conformity with the trial court's announced policy of encouraging adjournments so that mothers under these circumstances could arrive at intelligent and voluntary decisions without coercion.

"At the termination proceedings critical questions bearing upon the issues were framed by the court to elicit answers from the petitioner which would require her own explanation for her reasons. Leading questions were not used. The record demonstrates that the procedure was carefully conducted to determine whether the consent was voluntary and made with full knowledge of its consequences. The trial court was persuaded that the consent given by the petitioner was not a quick decision and that it was made intelligently. A reading of the record supports that conclusion."

We can add little to these findings of the circuit court. Our review of the record also brings us to the conclusion the actions of the appellant at the termination proceedings, including the execution of the consent, were intelligent and voluntary decisions without coercion and made with full knowledge of their consequences.

We conclude that the Milwaukee County Court—Children's Division did not abuse its discretion in refusing to reopen the case or permit further evidence to be offered for the purpose of vacating the termination order entered nearly one year before the instant proceedings were commenced.

*By the Court.*—Order affirmed.