COURT OF APPEALS
DECISION
DATED AND FILED

August 11, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If
published, the official version will appear in
the bound volume of the Official Reports.

A party may file with the Supreme Court a
petition to review an adverse decision by the
Court of Appeals. *See* WIS. STAT. § 808.10
and RULE 809.62.

Appeal No.    **2021AP420-FT**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019JC124

**IN COURT OF APPEALS
DISTRICT II**

IN THE INTEREST OF C.M.R.-W., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

M.T.W.,

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Kenosha County:
JODI L. MEIER, Judge. *Affirmed*.

¶1 NEUBAUER, J.[1] M.T.W. appeals from a dispositional order entered after a jury verdict, adjudicating C.M.R.-W. as a child in need of protection or services (CHIPS). M.T.W. filed a postdisposition motion a year later contending that newly discovered evidence warranted a new trial. The circuit court denied the motion and M.T.W. appeals this as well. We affirm the court's orders denying M.T.W.'s postdisposition motion and confirming the dispositional order.[2]

¶2 On July 16, 2019, the State filed a CHIPS petition under WIS. STAT. § 48.13(10), alleging that C.M.R.-W., who was born on May 23, 2019, was in need of protection.

¶3 A jury determined that C.M.R.-W. was in need of protection or services after a two-day trial in October 2019, and the court entered a dispositional order on the verdict.

¶4 In October 2020, M.T.W. filed a postdisposition motion alleging that newly discovered evidence supported a new trial. *See* WIS. STAT. § 48.46(1) (allowing parent, guardian, or legal custodian in WIS. STAT. ch. 48 proceedings to "petition the court for a rehearing on the ground that new evidence has been discovered affecting the advisability of the court's original adjudication"). M.T.W. contended that the character for truthfulness of a witness, Misty Polewczynski, who testified at trial to twice witnessing injuries and malnourishment sustained by C.M.R.-W., had been called into question since the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We decide this appeal pursuant to this court's fast track procedure.

trial. After a hearing, the court denied the motion, determining that the new information did not affect the advisability of the CHIPS adjudication. M.T.W. appeals.[3]

¶5 Proceedings under the children's code are civil. *See Waukesha Cnty. Dep't of Soc. Servs. v. C.E.W.*, 124 Wis. 2d 47, 53, 368 N.W.2d 47 (1985). In *Schroud v. Milwaukee County Department of Public Welfare*, 53 Wis. 2d 650, 654, 193 N.W.2d 671 (1972), the supreme court held that WIS. STAT. § 48.46(1) has two requirements: "(1) There must be shown the existence of newly discovered evidence, and (2) the evidence must be of such a character as to affect the advisability of the original adjudication." The supreme court also adopted the standard of review found in *Bear v. Kenosha County*, 22 Wis. 2d 92, 125 N.W.2d 375 (1963), stating that the "granting of a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court." *Schroud*, 53 Wis. 2d at 654. We will sustain a discretionary determination if the facts of record and correct legal standards are stated and considered together to achieve a reasoned and reasonable decision. *Rodak v. Rodak*, 150 Wis. 2d 624, 631, 442 N.W.2d 489 (Ct. App. 1989).

¶6 On appeal, M.T.W. again argues that Polewczynski's character for truthfulness has been called into question since the trial. As she did before the circuit court, M.T.W. points to a newspaper article reporting that Polewczynski wrote messages on Facebook indicating that she intended to and did mislead the press about the number of signatures on a petition she was circulating while heading up a recall effort of Wisconsin's governor. M.T.W. points out that the

---

[3] M.T.W. also filed an earlier motion for a new trial alleging ineffective assistance of counsel, which was also denied. M.T.W. does not challenge the denial on appeal.

article also mentioned that Polewczynski had past convictions for forgery, writing a worthless check, and bail jumping fifteen years ago.

¶7       The circuit court did not err as a matter of law, nor did it erroneously exercise its discretion in denying a new trial.  First, it is undisputed that Polewcynzski's messages did not exist at the time of the trial.  M.T.W argues that newly discovered evidence does not need to be in existence at time of trial if it is relevant to a key issue such that it affects the advisability of the CHIPS finding.  However, even if the new evidence itself did not exist at the time of trial, whether in the context of civil or criminal cases, the new evidence must be material to an issue in the prior proceeding.[4]  In other words, the alleged new evidence must relate to a material fact at issue in the prior proceeding.  The newspaper article does not relate to material facts at issue at trial—for example, that C.M.R.-W. was malnourished and neglected, or to any other facts supporting the jury's verdict that the child was in need of protection or services.  As the circuit court aptly noted, the reported statements were "unrelated and irrelevant to the case."  Rather, the statements were made about politics and not a child welfare case in which Polewczynski testified under oath and pursuant to a penalty of perjury.

¶8       Recognizing that the newspaper article about Polewczynski's messages about her communications with the media is entirely unrelated to the material facts in the CHIPS proceeding, M.T.W. argues that the new information

_____

[4] Neither party offered controlling case law addressing what constitutes newly discovered evidence under WIS. STAT. § 48.46(1).  In looking for guidance in other contexts, both civil and criminal, there is one common factor–materiality. *See State v. Watkins*, 2021 WI App 37, ¶51, ___Wis. 2d ___, 961 N.W.2d 884 (the newly discovered evidence must be material to, or relate to, evidence in existence at the time of trial); *State v. Plude*, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (the evidence must be "material to an issue in the case") (citation omitted); *see also* WIS. STAT. § 805.15(3)(c).

4

goes to Polewczynski's character for truthfulness. M.T.W. fails to point to any authority for the notion that information allegedly undermining Polewczynski's credibility, but wholly unrelated to the facts and legal issue in the trial, is appropriately considered newly discovered evidence warranting a new trial. To the contrary, "[o]ur supreme court has held that '[e]vidence which merely impeaches the credibility of a witness does not warrant a new trial on this ground alone.'" *State v. Machner*, 92 Wis. 2d 797, 806, 285 N.W.2d 905 (Ct. App. 1979) (alteration in original) (quoting *Greer v. State*, 40 Wis. 2d 72, 78, 161 N.W.2d 255 (1968)). After all, credibility is often at stake in both criminal and civil trials, and if after-the-fact challenges based on a witness's character for truthfulness were grounds for consideration of unrelated evidence, M.T.W. must develop that legal argument. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (arguments that are unsupported or undeveloped need not be considered).

¶9 Furthermore, as the State points out, extrinsic evidence is not admissible to attack a witness's character for truthfulness, although the subject matter may be explored on cross-examination if the witness testified to his or her character for truthfulness. *See* WIS. STAT. § 906.08(2). M.T.W. fails to develop any argument that, even if the newspaper article had been available at the time of the trial, it would have been admissible to attack Polewczynski's character for truthfulness. Indeed, even as to the ability to impeach on cross-examination, M.T.W. has failed to develop an argument that Polewczynski testified to her

character for truthfulness.[5]  *See **Pettit***, 171 Wis. 2d at 646-47.  Again, this underscores that the newspaper article is not material to an issue in the proceeding.

¶10    As to the convictions, M.T.W. mentions the same, but does not develop any argument that they would have been admissible, even if known about. Namely, there has been no showing that any effort was made to search for past convictions of this witness.  Even though the convictions were apparently entered under a different name, M.T.W. has failed to show that her counsel *attempted* to discover the evidence earlier and was unable to do so—i.e., that it did not arise from lack of diligence in seeking to discover it.  *See* WIS. STAT. § 805.15(3)(b). She also failed to develop any argument that, had she raised these fifteen year-old convictions at the time of trial, the convictions would not be too remote in time, or relevant in this civil matter, to testimony witnessing child neglect.  *See **Pettit***, 171 Wis. 2d at 646-47.

*By the Court*.—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[5] We agree with the State that questions probing whether Polewczynski had any bias against another witness whose mother dated Polewczynski's father do not rise to the level of testimony relating to her character for veracity.